# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
            **Plaintiff,**

**v.**                                                    **Case No. 00-CR-97**

**ANTHONY SEWARD**
            **Defendant.**

---

## ORDER

Defendant Anthony Seward filed a motion under Fed. R. Civ. P. 60(b)(6) seeking to have the judgment of conviction vacated based on an allegation of fraud. Because Rule 60(b) does not provide a basis for attacking a criminal judgment, United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998), I dismissed the motion for lack of jurisdiction. Defendant now moves for reconsideration.

Defendant first cites Gonzalez v. Crosby, 545 U.S. 524 (2005) for the proposition that a Rule 60(b) motion may be used to attack the integrity of a proceeding and may not be considered a successive 28 U.S.C. § 2255 motion. However, Gonzalez was a habeas action – a civil case – while defendant filed his Rule 60(b) motion in his criminal case. As noted above,"Rule 60(b) simply does not provide for relief from judgment in a criminal case." Mosavi, 138 F.3d at 1366. Further, even in civil habeas proceedings, a Rule 60(b) motion must be dismissed as a second or successive petition if it presents claims for relief from the underlying criminal judgment rather than challenging some procedural defect in the habeas action. See Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006). Defendant's Rule 60(b) motion attacked his criminal conviction and sentence rather than the manner in which the § 2255 motion he

previously filed was processed. Therefore, as I noted in the dismissal order, I could not consider the Rule 60(b) motion in connection with the previous § 2255 action, even if defendant had filed the motion in relation to that case.

Defendant also cites three civil cases for the proposition that Rule 60(b) allows a court to grant relief from judgment where fraud upon the court was committed. However, these are civil cases to which Rule 60(b) is applicable. The Rule may not be used in a criminal case.

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration (R. 130) is **DENIED**. The Rule 60(b) motion was properly dismissed for lack of jurisdiction.

Dated at Milwaukee, Wisconsin this 4th day of January, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge